# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 30, 2010

Charles R. Fulbruge III
Clerk

No. 09-10919
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ETELVINA QUINTANILLA, also known as Telvi Quintanilla,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CR-1-4

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Etelvina Quintanilla appeals the sentence imposed following her guilty plea conviction for maintaining an illegal gambling business and aiding and abetting. She argues that the district court clearly erred in refusing to grant a two-level reduction in her offense level pursuant to U.S.S.G. § 3B1.2 for her minor role in the offense.

Quintanilla has not shown that the district court clearly erred in determining that she was not entitled to a two-level reduction in her offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

level for a minor role in the offense. *See United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005). Quintanilla has not shown that she was "substantially less culpable than the average participant" or that she was "peripheral to the advancement of the illicit activity." *See id.* In the factual resume, she admitted that she supervised or directed employees of the business; she obtained tax stickers on the slot machines in her name for codefendant Javier Flores; she was paid ten dollars per hour by Flores; she was listed as the manager of the business in one publication; and the electric bills for the gambling business were listed in her name. She further admitted that the slot machines paid out cash winnings and that the business was in continuous operation for thirty days or more. She also admitted to the probation officer that she knew the gambling business was illegal.

Quintanilla's admissions show that she was not less culpable than the average participant or peripheral to the advancement of the illegal gambling business. *See Villanueva*, 408 F.3d at 203-04. A defendant who is not charged or sentenced based on being part of a larger conspiracy or criminal activity is generally not entitled to a mitigating role reduction under Section 3B1.2. *See United States v. Washington*, 480 F.3d 309, 313 n.10 (5th Cir. 2007). Because Quintanilla's role was coextensive with the conduct for which she was convicted, she was not entitled to a minor role reduction even if her activities in the larger criminal conspiracy or activity may have been less than her codefendants. *See id.*; *see also United States v. Garcia*, 242 F.3d 593, 598-99 (5th Cir. 2001).

AFFIRMED.